SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MICHAEL CONIGLIARO, as President of
Local 101, Transport Workers Union of
America, as the representative of the Employees
of National Grid;  CHRIS MORALES, JOHN
DELUCA, ROBERT KLASS, DANNY
DELUCA, and TED NELLIS, individually and
on behalf of others similarly situated,

                         **Plaintiffs,**

            -against-

NATIONAL GRID,

                        **Defendant.**

----------------------------------------------------------------X

CV 12- 5627

**COMPLAINT
COLLECTIVE AND
CLASS ACTION**

**JURY TRIAL DEMANDED**

**KUNTZ, J.**

**MANN, M.J.**

Plaintiffs, by their undersigned attorneys, for their Complaint against defendants, allege as follows:

## INTRODUCTION

1.     This is a class and collective action for monetary and other relief brought by employees of defendants under Section 16 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, and Sections 198 and 663 of the New York Labor Law ("Labor Law"). This suit is brought by and on behalf of employees of National Grid, the public utility company which supplies natural gas to residents of Brooklyn, Queens, Staten Island, Nassau and Suffolk Counties, and which has failed to pay more than 40 hours of compensation, including overtime compensation to employees working 60 – 80 hour weeks helping restore and repair natural gas service in the wake of Hurricane Sandy.

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is invoked pursuant to Section 16 of the FLSA, 29 U.S.C. § 216 (b), and Sections 1331 and 1367 of Title 28 of the United States Code.

3.  This action is brought in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.  Plaintiff MICHAEL CONIGLIARO is the President of Local 101, Transport Workers Union of America, the exclusive collective bargaining agent of all non-managerial and supervisory employees of National Grid employed in Brooklyn and Queens, Local 101 is headquartered at 5724 2nd Avenue Brooklyn, NY. Local 101 sues in a representative capacity only, on behalf of all "employees" of National Gridwithin the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1), and Section 190(2) of the New York Labor Law.

5.  Plaintiffs CHRIS MORALES, JOHN DELUCA, ROBERT KLASS, DANNY DELUCA, and TED NELLIS are employed by defendants Construction Department employees. M orales is a B Operator, Messrs Delauca are A Mechanics, Robert Klass is a B Mechanic, and Ted Nellis is a Construction Inspector. Said plaintiffs are "employees" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1), and Section 190(2) of the Labor Law.

6.  Plaintiffs bring their state law causes of action on behalf of a class of similarly situated employees, to wit, non-managerial employees of defendant who within the last six years were not paid minimum wages, overtime, or the "spread" required by New York Law.

    a.  the class is so numerous that joinder of all members is impracticable;

    b.  there are questions of law or fact common to the class;

   c. the claims or defenses of the representative parties are typical of the claims or defenses of the class;

   d. the representative parties will fairly and adequately protect the interests of the class;

   e. inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class;

   f. adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; and

   g. the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

  7. Plaintiffs also bring this action as a collective action. Each person similarly situated to the plaintiffs who affirmatively opts into this action by filing a Notice of Consent was also employed by the defendant within the three years prior to this complaint being filed, worked in excess of 40 hours per week, and was not paid minimum wage or overtime. This action is brought on behalf of the plaintiffs above-named and all persons similarly situated who chose to opt in under procedures applicable to wage and hour claims, as determined by the Court.

  8. Defendant National Grid has its principal place of business at One Metrotech Center, Brooklyn, New York 11212. Defendant is an "enterprise engaged in commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), and an employer within the meaning of Section 190(3) of the Labor Law and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

Defendant is the principal supplier of natural gas to residents and businesses in Brooklyn, Queens, Staten Island, Nassau and Suffolk Counties.

## FACTS RELEVANT TO ALL CLAIMS

9. The individual plaintiffs and those plaintiffs represent are generally employed installing, maintaining, and repairing gas services, and work 40 hours per week.

10. Since Hurricane Sandy hit the New York Metropolitan Area on October 29, 2012, the individual plaintiffs, and those who all plaintiffs represent, have been working 6-7 days per week, with shifts of either 12 to 16 hours, a work period which entitles them to overtime pay.

11. Despite working from 60 to 80 hours each week, the individual plaintiffs and everyone represented by plaintiffs have been paid for only 40 hours of work at their agreed upon, regular hourly rate of pay.

12. Plaintiffs, on most days, worked more than ten hours in one day, but were not paid one hour of bonus pay and the overtime rate for each day they worked more than ten hours.

13. The allegations set forth above are incorporated by reference into the causes of action below.

## FIRST CAUSE OF ACTION
### (Collective Action)

14. Defendants have violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing to pay plaintiffs at one-and-one-half times his regular rate of pay for each hour they worked in excess of 40 during a workweek. Defendants' failure to pay plaintiffs anything, much less time-and-a-half for their overtime hours worked was willful within the meaning of the FLSA. Defendants are liable to plaintiffs in the amount of the unpaid compensation, plus liquidated damages in the amount of the unpaid compensation.

## SECOND CAUSE OF ACTION
### (Class Action)

15. Pursuant to New York Labor Law §§ 198 and 663, defendants are liable to plaintiffs in the amount of compensation they were entitled by Labor Law §§ 650 *et seq.* and New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-2.2, to receive but were, in fact, not paid, by defendants failing to pay plaintiffs at all, much less their regular rate of pay at one-and-one-half times their regular rate of pay for each hour they worked in excess of 40 during a workweek, plus liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.

## THIRD CAUSE OF ACTION
### (Class Action)

16. Pursuant to New York Labor Law §§ 198 and 663, defendants are liable to plaintiffs in the amount of compensation they were entitled by Labor Law §§ 650 *et seq.* and New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-2.4, to receive but were, in fact, not paid, by defendants failing to pay plaintiffs the required daily spread-of-hours compensation, for each day they worked more than ten hours, plus liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.

## TRIAL BY JURY

17. Plaintiffs request a trial by jury on all claims asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that this Court:

1. Certify plaintiffs as the representatives of a class of persons similarly situated for litigation of the state law claims.

2. Enter such orders as are necessary to certify this case as a collective action under the Fair Labor Standards Act.

3. Order defendants to make a complete accounting to plaintiffs of the hours that they worked on a weekly basis and of all payments plaintiffs received in compensation for the period since October 29, 2012;

4. Order defendants to pay to plaintiffs all unpaid wages due and owing because of defendants' failure to compensate them at a rate of time and one-half their regular rate of compensation for each hour worked in excess of 40 during each workweek, and one hour of pay at the minimum wage for each day each worked more than ten hours;

5. Order defendants to pay liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b), Labor Law §§ 198 and 663, and any other applicable statute, rule, or regulation;

6. Order defendants to pay plaintiffs' reasonable attorneys' fees, costs, and prejudgment interest; and

7. Grant plaintiffs such other and further relief as the Court deems proper and just

Dated: November 15, 2012

                                             ADVOCATES FOR JUSTICE
                                             CHARTERED ATTORNEYS
                                             Attorneys for Plaintiff

                                             By: _____
                                                 Arthur Z. Schwartz (AS-2683)
                                            225 Broadway, Suite 1902
                                            New York, New York 10007
                                            (212) 228-6320